IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Derrik McNair (2023-0425057), | ) | |
|         Plaintiff, | ) | |
| | ) | Case No. 23 C 4295 |
|     v. | ) | |
| | ) | Hon. Matthew F. Kennelly |
| Tom Dart, et al., | ) | |
|         Defendants. | ) | |

**ORDER**

      The Court denies Plaintiff's application to proceed *in forma pauperis* [3] without prejudice. If he wants to proceed with this case, Plaintiff must, by 8/21/2023, either (1) pre-pay the $402.00 filing fee or (2) submit a properly completed *in forma pauperis* application as set forth in this order. Failure to comply with this order will result in summary dismissal of this case. Plaintiff's motion for attorney representation [4] is denied without prejudice. The Clerk is directed to send Plaintiff a copy of this order, a blank *in forma pauperis* application (prisoner version) and, as a courtesy, a copy of pages 16-18 (pages refer to the pdf pagination) of "Filing a Civil Case without an Attorney: A Guide for the Pro Se Litigant."

**STATEMENT**

      Plaintiff Derrik McNair, who is detained at the Cook County Jail, has filed a *pro se* lawsuit apparently concerning an incident when he was transferred to an outside hospital for treatment and x-rayed while handcuffed, forcing his hand into a painful position. Plaintiff has applied to proceed *in forma pauperis*. The Prison Litigation Reform Act (PLRA) requires all inmates to pay the filing fee. *See* 28 U.S.C. § 1915(b)(1). If an inmate cannot pay the full $402.00 filing fee upfront, he may seek leave to proceed *in forma pauperis* (in other words, leave to pay the fee over time with monthly installments taken from his trust fund account; in that instance, the filing fee is $350.00 as an administrative fee is waived). The Court evaluates twelve months of financial information to determine if an inmate is eligible to proceed *in forma pauperis*. If so, the Court calculates the initial partial filing fee using a trust fund certification and the inmate's trust fund ledgers from the past six months from any facility at which he was confined during that period, all of which an inmate must submit with his application. *See* 28 U.S.C. § 1915(a)(2).

      Plaintiff's application is not properly completed because it is not certified by a trust fund officer. Additionally, while Plaintiff has attached a trust fund statement, *see* Dkt. No. 3 at pg. 3, it was printed on June 2, 2023, and therefore does not reflect transactions to his account up until the filing of this lawsuit, which was received by the Court on July 5, 2023.

      The Court observes that online records indicate Plaintiff entered the jail on April 25, 2023. On his application, however, Plaintiff lists the twelve-month total for each category of income as "0". (*See* Dkt. No. 3 at pg. 1.) It is not plausible that Plaintiff was subsisting outside of jail without any means of support whatsoever. In any renewed application, Plaintiff must disclose all income

received in the prior year from any source, be it income from employment, gifts, public assistance, etc. It is Plaintiff's responsibility to ensure that his financial disclosures are accurate. Intentional misrepresentations of his income may result in dismissal or other sanctions. *See Robertson v. French*, 949 F.3d 347, 352 (7th Cir. 2020).

The Court therefore denies the application without prejudice. If he wants to proceed with this case, Plaintiff must submit a properly completed *in forma pauperis* application that contains all the information specified in this order. Alternatively, Plaintiff may pre-pay the $402.00 filing fee. Payment should be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must clearly identify Plaintiff's name and the case number assigned to this case. Plaintiff's failure to comply with this order by August 21, 2023 will result in summary dismissal of this case.

Plaintiff's motion for attorney representation is denied without prejudice. There is no right to court-appointed counsel in federal civil cases, but the Court may recruit a lawyer to represent an indigent litigant on a *pro bono* basis. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022). In deciding whether to recruit counsel, the Court must determine whether (1) the plaintiff has made a reasonable attempt to retain counsel on his own or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, the plaintiff appears competent to litigate it himself. *Id.* (citing *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)). Because recruited counsel is a limited resource, the Court may also consider the importance and likely merits of the party's claims. *Id.* at 763.

Plaintiff has demonstrated no efforts to obtain counsel on his own, although he states that he has requested a legal directory to obtain names and addresses of attorneys, but received no response. (*See* Dkt. No. 4 at pg. 1.) As a courtesy, the Clerk is directed to mail Plaintiff a copy of pages 16-18 (pages refer to the pdf pagination) of "Filing a Civil Case without an Attorney: A Guide for the Pro Se Litigant," https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_ProSe/forms/Pro%20Se%20Help%20Packet-English.pdf. This will provide him with a list of legal aid agencies he may contact regarding his claims. Plaintiff must demonstrate reasonable efforts to find counsel on his own before the Court will consider recruiting counsel for him, typically by contacting three or more attorneys or legal aid agencies, describing his claims, and asking that they take his case, *pro bono* if necessary. Plaintiff should save any responses he receives for submission with future motions for counsel. In any event, Plaintiff does not need counsel at this early stage of the case to address the filing-fee requirements. Plaintiff may renew his motion should the case proceed to a review of the complaint on its merits.

Date: 7/24/2023

                                                        MATTHEW F. KENNELLY
                                                        United States District Judge